UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEANGELO L. HATCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-357-TLS |
| | ) | |
| THE INDIANA DEPARTMENT OF | ) | |
| CHILD SERVICES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

DeAngelo L. Hatch, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against Defendants, the Indiana Department of Child Services, Chrystal Graham, Jennifer Fletcher, and Louise Dietzer. He also filed a Motion for Leave to Proceed *in forma pauperis* [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S.

319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The basis for the Plaintiff's suit appears to be as follows: the Indiana Department of Child Services ("DCS"), and some of its employees violated his rights by taking custody of his minor daughter from her mother instead of transferring custody to the Plaintiff. However, the Plaintiff does not state which statutory or constitutional rights he believes that the Defendants violated, and the Court is unable to determine any specific cause of action based on his allegations. Federal courts are of limited jurisdiction and may adjudicate claims only if the Complaint alleges violation of a federal statute or of the Plaintiff's constitutional rights or if the Complaint meets diversity requirements, which require that each Defendant reside in a different state than the Plaintiff and that the Plaintiff seeks damages in excess of $75,000. 28 U.S.C. §§ 1331, 1332. Because all parties reside in Indiana and the Plaintiff has not requested monetary relief, the diversity requirements are not met. Therefore, for the Court to have jurisdiction over his claim, the Plaintiff must allege that the Defendants violated either his statutory or constitutional rights. This he has not done.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until October 2, 2017, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, the Plaintiff should specify which federal statute or which of his constitutional rights he believes that the Defendants violated and specifically state what each Defendant did to violate those rights, including the date(s) such violation(s) happened. Along with an amended Complaint, the

Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by October 2, 2017, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until October 2, 2017, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee;

(4) CAUTIONS the Plaintiff that

(a) if he does not respond by the above deadline, this case will be dismissed without further notice;

(b) any amended complaint must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated the Plaintiffs' statutory or constitutional rights.

SO ORDERED on August 28, 2017.

       s/ Theresa L. Springmann
       CHIEF JUDGE THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT