UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DEANGELO L. HATCH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:17-CV-357-TLS |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, *et al.* | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

DeAngelo L. Hatch, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against Defendants, the Indiana Department of Child Services ("IDCS"), Chrystal Graham, Jennifer Fletcher, and Louise Dietzer. He also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 2]. On August 28, 2017, the Court denied his Motion and dismissed his Complaint without prejudice for failure to state a claim [ECF No. 3]. The Plaintiff filed an Amended Complaint on October 2, 2017 [ECF No. 4], this time naming only IDCS, Fletcher, and Graham as Defendants, and a new Motion for Leave to Proceed in forma pauperis [ECF No. 5]. For the reasons set forth below, the Plaintiff's Motion is Granted.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first,

whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff has alleged several causes of action against the Defendants, which include violations of the Fifth, Sixth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983. The Plaintiff alleges that the Defendants violated his Fifth Amendment rights by attempting to compel him to be a witness against himself by "regularly ordering [him] to cooperate with The Department of Child Services and trying to force [him] to use services [he] [does] not need." (Compl., ECF No. 4 ¶ 5.) The Plaintiff alleges that the Defendants violated his Sixth Amendment rights by using hearsay evidence gathered from his daughter and that without this hearsay evidence, the Defendants would not have successfully petitioned the Indiana state court to remove his daughter from his custody. The Plaintiff alleges that the Defendants violated his Fourteenth Amendment rights to "custody, care, and management of [his] daughter," "to rear [his] child without state interference," and to due process of law.

The Plaintiff seeks only injunctive relief in the form of the immediate return of his daughter to his custody. Thus, the Court notes that, because the Plaintiff does not seek monetary damages, IDCS may not invoke sovereign immunity under the Eleventh Amendment. *See Brunken v. Lance*, 807 F.2d 1325, 1329–30 (7th Cir. 1986).

**A.       Fifth Amendment Claim**

The Fifth Amendment provides in relevant part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. The Plaintiff alleges that the Defendants attempted to force him to "cooperate" with them and to "use services [he] [does] not need." (ECF No. 4 ¶ 5.) However, the Fifth Amendment protects against

compelled testimony "in any *criminal* case." Because the Defendants did not compel the Plaintiff to testify against himself in a criminal case, the Plaintiff has failed to state a claim on which relief can be granted under the Fifth Amendment.

**B.     Sixth Amendment Claim**

The Sixth Amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. The Plaintiff alleges that the Defendants used hearsay evidence gathered from his daughter. Specifically, his daughter reported that she had seen the Plaintiff sell marijuana and did not feel safe at his house. (ECF No. 4-1 ¶ 3.) This is not hearsay evidence for multiple reasons, including that the Plaintiff's daughter was not reporting the statement of a third party. *See* Fed. R. Evid. 801. Moreover, as with the Fifth Amendment, the Sixth Amendment is applicable only "[i]n all *criminal* prosecutions." Because the Defendants have not used hearsay evidence against the Defendant in a criminal proceeding, the Plaintiff has failed to state a claim on which relief can be granted under the Sixth Amendment.

**C.     Fourteenth Amendment Claims**

The Plaintiff appears to assert multiple causes of action under the Fourteenth Amendment, but each claim boils down to the allegation that the Defendants deprived him of the custody of his daughter without due process of law. The Fourteenth Amendment provides in relevant part that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

"The Supreme Court has long recognized as a component of substantive due process the right to familial relations." *Brokaw v. Mercer County*, 235 F.3d 1000, 1018 (7th Cir. 2000) (collecting cases). But, "the constitutional right to familial integrity is not absolute." *Id.* at 1019. Instead, "a balance must be reached between the fundamental right to the family unit and the state's interest in protecting children from abuse, especially in cases where children are removed from their homes." *Id.* "In balancing these competing interests, courts have recognized that a state has no interest in protecting children from their parents unless it has some definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Id.* Whether the Plaintiff's substantive due process rights were violated turns on "whether the government was justified in interfering with [his] familial relations." *Id.* The Plaintiff's Complaint shows that the Defendants, in their petition to the Allen County Superior Court, alleged several reasons why they believed the child needed to be removed from the Plaintiff's custody. (ECF No. 4-1 at 5.) However, the Defendants' allegations are rather conclusory and, when construing all facts in the plaintiff's favor, are backed by little evidence. Without more facts, the Court cannot determine that the removal of the child was justified. *See id.* Based on the facts of record, the Court finds that it is plausible that the removal of the child was unjustified.

Procedural due process requires that "parental rights cannot be denied without an 'opportunity to be heard in a meaningful way.'" *Id.* at 1020 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "However, no matter how much process is required, at a minimum it requires that government officials not misrepresent the facts in order to obtain the removal of a child from his parents." *Id.* "[I]t also means that governmental officials will not remove a child from his home without an investigation and pre-deprivation hearing resulting in a court order of

removal, absent exigent circumstances." *Id.* The Plaintiff alleges that the Defendants made factual misrepresentations in order to unfairly portray him as a drug addict. Moreover, based on the record before the Court, it is not clear that the Defendants conducted a meaningful investigation as it pertained to the Plaintiff. The intake officer's report attached to the Plaintiff's Complaint devotes a single paragraph, out of three pages, to a conversation with the Plaintiff. (ECF No. 4-1 ¶ 3.) Most of the remainder of the report is devoted to the fitness of the child's mother. The Court notes that only the first three pages, out of seven, were attached to the Plaintiff's Complaint, and the Court has no way to evaluate any facts contained within the omitted pages. However, because all facts and inferences have to be construed in the Plaintiff's favor at this stage, it is plausible that no meaningful investigation was conducted regarding the Plaintiff's fitness as a parent prior to the removal of his daughter.

Thus, the Plaintiff has alleged sufficient facts to allow him to proceed on his Fourteenth Amendment claims.

### D. Section 1983 Claims

In relevant part, 42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"[I]t is well established that neither a state nor a state agency like [IDCS] is a 'person' for the purposes of § 1983." *Ryan v. Ill. Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ("We hold that neither a State nor its officials acting their official capacities are 'persons' under § 1983.")). Because,

IDCS is a state agency, it is not a "person" within the meaning of § 1983. Therefore, the Plaintiff's § 1983 claim against IDCS must be dismissed.

"In order to state a claim under Section 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Brokaw*, 235 F.3d at 1009 (citing *Starnes v. Cap. Ctys. Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994)). The Plaintiff's Complaint does not make clear whether he is suing Fletcher and Graham in their individual or official capacities. Because the Court must construe pro se filings liberally, the Court will construe his Complaint as alleging that Fletcher and Graham violated his rights in their individual capacities. Because the Court finds that the Plaintiff has stated a claim against all Defendants for violation of his Fourteenth Amendment rights, the Court finds that the Plaintiff has stated a claim against Fletcher and Graham for violation of § 1983.

## CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 5];

(2) WAIVES payment of the filing fee;

(3) DISMISSES the Plaintiff's Fifth and Sixth Amendment claims against all Defendants and DISMISSES the Plaintiff's § 1983 claim against the Indiana Department of Child Services;

(4) DIRECTS, pursuant to 28 U.S.C. § 1915(d), the United States Marshals Service to effect service of process on the Defendants.

SO ORDERED on October 20, 2017.

                                              s/ Theresa L. Springmann
                                             CHIEF JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT