# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DEANGELO L. HATCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-357-TLS |
| | ) |
| THE INDIANA DEPARTMENT OF | ) |
| CHILD SERVICES, *et al.* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

DeAngelo L. Hatch, a Plaintiff proceeding pro se, filed an Amended Complaint on October 2, 2017 [ECF No. 4], naming the Indiana Department of Child Services (IDCS), Jamie Fletcher, and Chrystal Graham as Defendants. He also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 5]. On February 1, 2018, Defendants Fletcher and Graham filed a Motion to Dismiss [ECF No. 17] under Federal Rule of Civil Procedure 12(b)(6). The Plaintiff has not responded and has not provided good cause as to why the Court should extend his time to respond. (*See* ECF No. 29.) Therefore, this matter is ripe for review.

## BACKGROUND

The Plaintiff alleged that the Indiana Department of Child Services and some of its employees violated the Plaintiff's rights by taking custody of his minor daughter from her mother instead of transferring custody to the Plaintiff. The Plaintiff alleged several causes of action against the Defendants, which included violations of the Fifth, Sixth, and Fourteenth Amendments, under 42 U.S.C. § 1983. The Court screened his Amended Complaint, see *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and permitted him to proceed only against Defendants

Fletcher and Graham and only under the theory that they interfered with his Fourteenth Amendment rights in violation of § 1983. The Plaintiff alleges that the Defendants violated his Fourteenth Amendment rights to "custody, care, and management of [his] daughter," "to rear [his] child without state interference," and to due process of law. The Plaintiff seeks injunctive relief in the form of the immediate return of his daughter to his custody.

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se complaints are to be liberally construed and are held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), the factual allegations in the complaint must nevertheless be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams*, 742 F.3d at 728 (internal citations omitted).

## ANALYSIS

The Defendants argue that the Court should abstain from hearing this case pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). The basic principle of the

*Younger* abstention doctrine is that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings. *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986). This principle, based on federalism and comity concerns, particularly applies to civil proceedings when important state interests are involved. *Id.* (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626–28 (1986)); *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Supreme Court has articulated three factors to aid in the determination of whether the *Younger* abstention doctrine applies in a civil proceeding. A court should consider whether: (1) there is "an ongoing state judicial proceeding"; (2) the "proceedings implicate important state interests"; and (3) "there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 432.

The Plaintiff seeks relief regarding the issue of custody of his child, and the Defendants have represented to the Court that there is an ongoing Child in Need of Services (CHINS) proceeding in the Indiana state court system regarding the custody of his child. Therefore, the first part of the test is met.

Next, the Court looks to the State's interests implicated by the proceeding. An important motivation for the Supreme Court's decision to abstain in *Younger* was the notion of comity: 'that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Hickey v. Duffy*, 827 F.2d 234, 245 (7th Cir. 1987) (citing *Younger*, 401 U.S. at 44).

The Court finds that the Plaintiff's particular complaints implicate important Indiana state interests because "the interests of the State of Indiana in the welfare of children cannot be gainsaid." *Rangel v. Reynolds*, No. 4:07-CV-20, 2007 WL 1189356, at *2 (N.D. Ind. Apr. 18, 2007). "The Seventh Circuit has applied the *Younger* doctrine to child custody matters because the state is so 'heavily involved' in the proceedings and because the state has an independent interest in the child's health and welfare." *Id.* Therefore, the second part of the test is met.

Finally, the Seventh Circuit has "decline[d] to presume that the Indiana courts . . . will not discharge th[e] obligation" to protect a party's federal rights. *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 697 (7th Cir. 1985). Though the Plaintiff's claims implicate purported violations of the Plaintiff's federal rights by the Defendants, "[s]tate courts are just as able to enforce federal constitutional rights as federal courts." *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 431. Moreover, Indiana authority indicates that parties to a CHINS proceeding are able to bring constitutional claims of due process violations at the time of the proceeding as well as appeal an adverse decision on due process grounds. *See, e.g.*, *In re N.E.*, 919 N.E.2d 102, 108 (Ind. 2010) (vacating CHINS judgment for potential due process violation); *McBride v. Monroe Cty. Office of Family & Children*, 798 N.E.2d 185, 194–95 (Ind. Ct. App. 2003) (finding that parent waived right to challenge due process violation during CHINS proceeding by not raising it until appeal); *Smith v. Marion Cty. Dept. of Pub. Welfare*, 635 N.E.2d 1144, 1148 (Ind. Ct. App. 1994) (same). Therefore, the third part of the test is met.

## CONCLUSION

Accordingly, the Court finds that the circumstances of this case require abstention. There is an ongoing state court proceeding regarding the same issue, child custody and welfare is an

important state interest, and the Plaintiff's constitutional claims have an adequate remedy in state court. Therefore, the Court GRANTS the Defendants' Motion to Dismiss [ECF No. 17].

SO ORDERED on April 5, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT